```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DONNA MARIE SCHULER, individually and
on behalf of those similarly situated,

                         Plaintiffs,
                                              ORDER
         -against-                            11-CV-3183 (JS)(AKT)

WILLIAM J. KENT, III, MATTHEW DEEDY,
LOUIS C. ENGLAND, JENNIFER A. MENDELSOHN,
RONALD S. ZIMMER, MICHAEL P. SCHULER,
COHEN & SLAMOWITZ, LLP, SMITH, CARROAD,
LEVY AND FINKEL, LLP, AND DOES 1-300,

                         Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:      Donna Marie Schuler, Pro Se
                    164 Woodycrest Drive
                    Farmingville, New York 11738

For Defendants:     No appearances

SEYBERT, District Judge:
```

Plaintiff, Donna Marie Schuler ("Plaintiff"), filed this action pro se on June 30, 2011 on behalf of herself and others "similarly situated" against the defendants, New York State Supreme Court Justice William J. Kent, III ("Judge Kent"), Judge Kent's law clerk, Matthew Deedy, Esq. ("Deedy"), Louis C. England, Esq. ("England") who is alleged to be a Part 36 fiduciary who was a court-appointed receiver during Plaintiff's divorce proceeding, Plaintiff's ex-husband Michael P. Schuler ("Michael Schuler"), Michael Schuler's attorney in the divorce proceeding Jennifer A. Mendelsohn, Esq. ("Mendelsohn"), Plaintiff's divorce attorney Ronald S. Zimmer, Esq. ("Zimmer"), two collection law firms, Cohen and Slamowitz, LLP ("Cohen, LLP") and Smith, Carroad, Levy and

Finkel, LLP ("Smith, LLP") as well as "Does 1-300". Plaintiff claims inter alia that these defendants violated, and conspired to violate, her Constitutional rights in violation of 42 U.S.C. §§ 1983, 1985, 1986 and 1988. (Compl. at ¶6). Plaintiff also claims violation of the civil RICO statute. (Id. at ¶ 20). Accompanying the Complaint is an application to proceed in forma pauperis. Upon review of the Plaintiff's declaration supporting the application, the application is granted solely for the purpose of this Order and the Complaint is sua sponte dismissed for lack of subject matter jurisdiction as set forth below.

I.  BACKGROUND

Plaintiff's Complaint consists of seventy-two (72) pages and forty-five (45) attached exhibits. The gravamen of the Plaintiff's Complaint concerns proceedings before the New York State Supreme Court, Suffolk County, relating to her divorce from defendant Michael Schuler. Plaintiff claims that she "became the non-moneyed spouse in a matrimonial dissolution action assigned to New York State Supreme Court Judge William J. Kent, III, who had a reputation for hatred and discrimination against women." (Compl. at ¶ 3). According to the Complaint, the defendants have conspired to deprive Plaintiff of her rights as guaranteed by the Supremacy Clause and the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution. (Id. at ¶ 6).

Plaintiff claims that, between December 2003 and March

2004, Michael Schuler removed coins, currencies, valuable car parts and other collectibles from their marital residence and moved out of the residence, leaving Plaintiff and their son without support. (Id. at ¶ 24). Plaintiff describes that, on December 29, 2004, Judge Kent awarded Plaintiff a "*de minimus* amount of support" and denied her request for interim counsel fees. (Id. at ¶ 41). Plaintiff claims that on January 10, 2005, she and Michael Schuler stipulated that Plaintiff would have exclusive occupancy of the marital residence. (Id. at ¶ 42). Rather than pay the "*de minimus* support" ordered by Judge Kent, Plaintiff claims that Michael Schuler then pre-paid the mortgage on the marital residence. (Id. at ¶ 43). Accordingly, Plaintiff contacted the Child Support Enforcement Bureau ("CSEB") for assistance in receiving support payments from Michael Schuler. (Id. at ¶ 44). Plaintiff claims that CSEB began an enforcement proceeding on the "prospective arrears." (Id.). Plaintiff describes that Judge Kent was "angered" by the involvement of CSEB and scheduled a court conference "solely to demand that CSEB be stopped." (Id. at ¶ 45). Plaintiff claims that Judge Kent knew that she "could ill-afford the legal fees associated" with the scheduled conference "and he used that knowledge, like a weapon, to deliver his unlawful demands." (Id.). Accordingly, Plaintiff alleges that, between December 2004 and September 2005, "[d]efendants Deedy, Mendelsohn and Kent engaged in a scheme of gender-based discriminatory

3

conduct. . . ." (Id. at ¶ 48).

The Complaint then describes events that are alleged to have occurred during February 2006. Plaintiff claims that Judge Kent recused himself from her divorce case and that he filed a complaint against Plaintiff's then-attorney Mildred J. Michalczyk, Esq. (Id. at ¶¶ 47, 50). Notwithstanding his recusal, Plaintiff claims that Judge Kent "deprive Plaintiff of procedural due process . . . when he ascended to the bench and impersonated a judge." (Id. at ¶ 55). Plaintiff describes that Ms. Michalczyk gave Plaintiff "erratic advice" which "caused Plaintiff to seriously consider her abandonment at trial." (Id. ¶ 59). Accordingly, Plaintiff claims that she retained defendant Zimmer to represent her at the March 6, 2006 conference before Judge Kent. (Id. ¶¶ 59-60). Plaintiff alleges that defendants Mendelsohn, Zimmer and Kent "acted in concert . . . to orchestrate a scheme of legal tricks, traps and maneuvers to intentionally deprive Plaintiff of constitutionally secured and protected rights." (Id. ¶¶ 61). Plaintiff claims that these "tricks and traps" are revealed in the trial transcript. (Id.). Plaintiff claims that Zimmer and Mendelsohn agreed before Judge Kent not to "try grounds" and instead agreed that Michael Schuler would consent to constructive abandonment. (Id.). Accordingly Judge Kent scheduled the trial for July 12, 2006. Plaintiff claims that Zimmer did not conduct any discovery prior to trial and that he arrived at Court on July

12th "without a file." (Id. ¶ 65). Just before trial, rather than "risk a trial before a biased judge," Plaintiff opted to agree to a settlement described to her by Zimmer. However, Plaintiff claims that when Zimmer read the settlement on to the record in Court, it was different and was instead a "trap" and "fraud upon the Court." (Id. ¶¶ 68-69). Plaintiff claims that "Zimmer recited non-existent pleadings on to the record to make the judicial proceeding appear valid." (Id. ¶ 69).

Plaintiff then complains about Zimmer's billing practices and alleges that he unlawfully attempted to "take a retroactive increase in his hourly rate and make it contingent on the sale of the marital residence." (Id. ¶¶ 71-77). It appears that Plaintiff filed a grievance against Zimmer and refused to pay his bill for legal fees she incurred. Plaintiff cites to a letter allegedly from Zimmer wherein he states that, "[i]f you would like me to finish your matter, I would require a letter from you that you have withdrawn your grievance with prejudice and that you reaffirm your understanding of the retainer agreement." (Id. at ¶ 80).[1] According to the Complaint, Plaintiff did not pay Zimmer because he "violate[d] the disciplinary rules [and] is not entitled to any

---

[1] Plaintiff also cites from another letter also allegedly from Zimmer wherein he states "Given these circumstances and in light of your letters copied to the grievance committee alleging misconduct, you leave me no choice but to make an oral application to be relieved from your case on the September 27, 2006 Court date. . . ." (Id. at ¶ 86).

5

fees for services rendered." (Id. at ¶ 81). As a result of Plaintiff's non-payment, Zimmer is alleged to have "schemed to retain the law firm of defendants Smith, Carroad, Levy and Finkel to indirectly collect his illegal, unearned fee." (Id. at ¶ 82). The Complaint continues for an additional one hundred (100) paragraphs which largely describe conduct allegedly attributable to each of the defendants during the underlying divorce proceeding, which is alleged to have concluded by an "invalid Judgment of Divorce" signed by Judge Kent on December 1, 2006. (Id. at ¶ 93).

As a result of the foregoing, Plaintiff seeks "declaratory relief that what happened to her was not trivial and is not to be marginalized [sic]." (Id. at ¶ 228). Plaintiff also seeks to be granted "private attorney general status" so that she can "vindicate[] the rights of other similarly situated persons." Plaintiff seeks additional relief, including actual, special, latent, punitive and restitutionary damages to be proven at trial as well as $50 million in general damages, an award of reasonable attorney's fees, and any other award or equitable relief allowed by law. (See Compl. at page 67).

II. Discussion

A. In Forma Pauperis Application

Upon review of the Plaintiff's application, this Court finds that Plaintiff's financial status qualifies her to commence this action without prepayment of the filing fees. See 28 U.S.C.

§ 1915(a)(1). Accordingly, Plaintiff's application to proceed in forma pauperis is granted.

B. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii). The Court is required to dismiss the action as soon as it makes such a determination. See id. Section 1915(e), as amended by the Prison Litigation Reform Act of 1995, applies to both prisoner and non-prisoner in forma pauperis actions. See Burns v. Goodwill Indus. of Greater New York, No. 01-CV-11311, 2002 WL 1431704, at *2 (S.D.N.Y. July 2, 2002).

In reviewing the Complaint, the Court is mindful that Plaintiff is proceeding pro se and that her pleadings should be held to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). Nevertheless, a plaintiff's pro se status "does not exempt [her] from compliance with relevant rules of procedural and substantive law. . . ." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotations and citation omitted).

C.  <u>Subject Matter Jurisdiction</u>

As a threshold matter, the Court must be satisfied that it has subject matter jurisdiction to adjudicate Plaintiff's Complaint. It is well-settled that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." <u>In re Burrus</u>, 136 U.S. 586, 593-94, 10 S. Ct. 850, 34 L. Ed. 2d 500 (1890); <u>In re Spong</u>, 661 F.2d 6, 9 (2d Cir. 1981) ("As Congress undoubtedly was aware, United States courts have not jurisdiction over divorce or alimony allowances."). "So strong is [the Supreme Court's] deference to state law in this area that [the Supreme Court has] recognized a 'domestic relations exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'" <u>Elk Grove Unified Sch. Dist. v. Newdow</u>, 542 U.S. 1, 12-13, 24 S. Ct. 2301, 2309, 159 L. Ed. 2d 98 (2004) (quoting <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 703 (1992)).

Here, Plaintiff challenges the validity of the December 1, 2006 Judgment of Divorce as well as various interim orders entered prior to the final judgment during the divorce proceeding. Although Plaintiff cites to various federal statutes and the United States Constitution, the substance of her claims concern state law domestic relations matters. Therefore, this action is dismissed because it is barred by the domestic relations exception to the

jurisdiction of the federal courts.[2] Schottel v. Kutyba, No. 06-CV-1577, 2009 WL 230106 (2d Cir. Feb. 2, 2009) (affirming dismissal of fraud claim because "'the gravamen of her claim involves a dissolution of marriage - an area the core of the domestic relations exception'") (quoting Schottel v. Kutyba, No. 05-CV-3759 (S.D.N.Y. Apr. 13, 2005); McKnight v. Middleton, 699 F. Supp. 2d 507, 516-17 (E.D.N.Y. 2010) ("Under Second Circuit recent precedent, this Court may be deprived of jurisdiction over claims that 'begin and end in a domestic dispute,' even if the plaintiff is seeking only monetary damages") (quoting Schottel, 2009 WL 230106, at *1); Puletti v. Patel, No. 05-CV-2293, 2006 WL 2010809, at *4 (E.D.N.Y. Jul. 14, 2006).[3]

---

[2] The Court further notes that Plaintiff's Section 1983 and 1985 claims appear to be barred by the three-year statue of limitations generally applicable to such claims. See Owens v. Okure, 488 U.S. 235, 249-250, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989); Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002); Ormiston v. Nelson, 117 F.3d 69, 71 (2d Cir. 1997). Her Section 1986 claim is also outside that statute's one-year statute of limitations. 42 U.S.C. § 1986; Paige v. Police Dep't, 264 F. 3d 197, 199 n. 2 (2d Cir. 2001). Similarly, her civil RICO claims are also untimely asserted given that the statute of limitations for a civil RICO claim under 18 U.S.C. § 1964(c) is four years. Frankel v. Cole, 313 Fed. Appx. 418, 419 (2d Cir. 2009) (citing Agency Holding Corp. v. Malley-Duff & Assocs., 483 U.S. 143, 156, 107 S. Ct. 2759, 97 L. Ed. 2d 121 (1987)).

[3] Even if the domestic relations exception did not apply, the Court would likely be barred from considering challenges to the state court orders and divorce judgment entered against Plaintiff. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 94 (2d Cir. 2005) (discussing the Rooker-Feldman doctrine wherein the federal courts lack jurisdiction over suits that challenge state-court judgments). Plaintiff has alleged

If the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); accord Cave v. East Meadow Union Free School Dist., 514 F.3d 240, 250 (2d Cir. 2008). Accordingly, the Complaint, filed in forma pauperis, is dismissed for lack of jurisdiction. The Clerk of the Court is directed to close this case.

CONCLUSION

For the reasons set forth above, the Complaint is dismissed for lack of jurisdiction. Fed. R. Civ. P. 12(h)(3). The Clerk of the Court is directed to close this case. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: July 27, 2011
Central Islip, New York

---

that she lost in the New York state court, she complains of injuries caused by the state court decisions, she invites this Court's review and rejection of those state court decisions and those decisions were rendered well before the instant proceeding was filed here. Hoblock, 422 F.3d at 85.